**In re JARDINE et al. \***

**Patent Appeal No. 3044.**

Court of Customs and Patent Appeals.

Dec. 27, 1932.

Richey & Watts, of Cleveland, Ohio (Donald A. Gardiner, of Washington, D. C., and B. D. Watts, F. M. Bosworth, and H. F. McNenny, all of Cleveland, Ohio, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

\*Rehearing denied February 27, 1933.

GRAHAM, Presiding Judge.

Frank Jardine and James Cooper, the appellants, filed their application in the United States Patent Office for a patent on improvements in bimetallic pistons for internal combustion engines on January 7, 1926. As a result of the proceedings in the Patent Office, claims 4, 5, 7, 19, 20, 21, 29, 30, and 31 were allowed, and claims 13, 22, 23, 25, 26, 27, 28, 32, 33, 34, 35, 36, and 37 were rejected.

After the filing of the application, on March 20, 1926, the Primary Examiner suggested to the appellants thirteen claims for the purpose of establishing an interference proceeding, under rule 96 of said office. The appellants, being of opinion that said suggested claims were broader than their disclosure, refused to make said claims, and were held to have disclaimed the invention covered by said claims, under the operation of said rule. The first of these suggested claims is typical of all:

"A piston, comprising a head-part of non-ferrous metal, wrist-pin bosses rigidly connected to said head-part, skirt segments, and members made of a metal having a thermal co-efficient of expansion smaller than that of the metal in said head-part, the extreme ends of said members being imbedded in said skirt-segments, and intermediate portions thereof being imbedded in the wrist-pin bosses, said members connecting said skirt-segments together and to said wrist-pin bosses."

On July 29, 1930, a patent was issued to Nelson, No. 1,771,859, upon the same subject-matter, and thereupon appellants copied claims 1 to 5 of said patent, as claims 33 to 37, inclusive, of their pending application.

The following references were, together with the disclaimed subject-matter of the said suggested claims, used by the Patent Office tribunals as the basis of rejection of appellants' rejected claims: Butler, 1,532,121, April 7, 1925; Lauchin, 1,550,372, August 18, 1925; Nelson, 1,771,859, July 29, 1930.

Said disclaimed subject-matter, in conjunction with the reference Lauchin, was used in rejecting claims 13, 22, 23, and 25 to 28, inclusive. Claim 32 was rejected on the said patent to Lauchin, in view of Butler. Claims 33 to 37, inclusive, were rejected on the ground that they do not read on appellants' present disclosure.

Claims 13, 32, and 33 are illustrative of the various types of claims involved, and are as follows:

"13. In a piston for an internal combustion engine, the combination of a head and skirt of aluminum alloy, said skirt comprising two sections, each including a thrust face, separated from each other by openings through the piston walls proper, piston pin bosses in said skirt and bridges joining said skirt parts comprising the lower portions of the bosses and connectors connecting the lower adjacent separated portions of the skirt parts to the bosses and means of a lower co-efficient of expansion than aluminum assisting said bridges to connect said skirt parts together below the bosses and means of a lower co-efficient of expansion than aluminum constituting the sole connection between said piston parts above said bosses."

"32. In a piston made of material of a relatively high co-efficient of expansion, the combination of a head, a skirt comprising thrust faces and being opened part way down in the direction of the piston pin axis, piston pin bosses, means connecting the head and bosses and the portion of the skirt below the open parts, the portion of the skirt below the open part being slitted in a vertical direction, said connecting means spanning said slits, and a member having a lower co-efficient of expansion than the head and skirt connecting the thrust faces and the said connecting means."

"33. A piston comprising a head, piers depending from the head, cylinder-bearing portions on opposite sides of the piston, a pair of struts extending between the cylinder-bearing portions, the intermediate portion of each strut being formed with an upper branch and a lower branch, and each branch of each strut being entirely surrounded by the material of the piers."

The Examiner thus describes appellants' disclosure, which description we find to be accurate:

"Applicant discloses a piston having a head, 9, and a skirt, 13, which comprises thrust faces, 14 and 15. The thrust faces, 14 and 15, are separated from the head, 9, by air gaps, 16 and 16'. A pair of diametrically disposed wrist pin bosses, 17 and 18, are formed in piers depending from the head, 9, of the piston. Embedded in the material of each pier is a strut, A, made of steel or some other suitable material, the purpose of which is to limit the expansion of the piston. The struts, A, are arranged parallel and chordally of the piston and each strut has an upper branch, 33, and a lower branch, 34. The upper branch, 33, of each strut, A, is surrounded at two points substantially equidistant from a vertical plane through the center-line of the wrist pin bosses, by webs, 19 and 20, which form a part of the boss carry-

ing piers. It will be noted from Figs. 1 and 2 that the portion of the upper branch, 33, of the struts, A, intermediate the webs, 19 and 20, is exposed and not surrounded by the material of the piers. The vertical branches, 35 and 36, of the struts, A, are embedded in the thrust faces, 14 and 15, and support the said thrust faces and prevent excessive expansion of the piston by constraining the movement of the thrust faces.

"The lower extremities of the skirt are connected by straps, 29 and 30, which are split at 31 and 32, respectively. The straps, 29 and 30, are joined to the boss-carrying piers by webs, 22 and 23, that merge into culverts, 24 and 25, respectively, which span the slits, 31 and 32.

"In Figs. 5, 6 and 7 is illustrated a modified piston in which the ties 22 and 23, and the culverts, 24 and 25, are replaced by rigid webs, 51 and 56, which run parallel to the axis of the wrist pin. These webs extend from the wrist pin bosses, 17 and 18, and are separate from each other, and are not joined together by a web as are the upper ties, 19 and 20."

It is quite apparent that appellants may have no patentable claim here on the broad feature of connecting the nonferrous parts of a piston structure by means of metal members having a lesser coefficient of expansion, as that feature was expressly detailed in the claims disclaimed by appellants. Eliminating this feature, therefore, from the group of claims typified by claim 13, it is proper next to inquire whether the other specific features of structure of these claims are disclosed by the reference Lauchin.

Lauchin shows a piston consisting of a head and skirt of aluminum alloy, said skirt comprising two sections, each including a thrust face, separated from each other by openings through the piston walls proper. It also shows piston pin bosses in said skirt and bridges joining said skirt parts, comprising the lower portions of the bosses and connectors connecting the lower adjacent separated portions of the skirt parts to the bosses. It also shows means to connect said skirt parts together below the bosses, and means constituting the sole connection between said piston parts above said bosses.

It is true that Lauchin's piston is made entirely of aluminum alloy. However, aside from the nonferrous connectors, which were included in the suggested claims, every structural feature of appellants in this group of claims, 13, 22, 23, 25, 26, 27, and 28 is disclosed by Lauchin. Hence the rejection of these claims was proper.

Claim 32, in its structural features, is, in all but one respect, disclosed by Lauchin. This distinguishing element is thus expressed: " * * * A member having a lower co-efficient of expansion than the head and skirt connecting the thrust faces and the said connecting means."

The reference Butler shows a ring of a lower coefficient of expansion connecting the thrust faces and the other connecting means. There is therefore nothing inventive in the structural feature thus expressed. It is true, the construction is different. We must, however, measure appellants' rights by the language of their claims.

In the group of claims represented by said claim 13, and in claim 32, it does not appear that any result is obtained by appellants' combination other than would result from the use of the different elements, and their known functions, as shown by the disclosures of the various references.

This leaves for disposition the group of claims, 33 to 37, inclusive. We are in agreement with the Patent Office tribunals that these claims do not read upon appellant's disclosure.

In considering this matter, it must be borne in mind that, if the language of these claims is ambiguous or is susceptible of more than one construction, such claims are to be read in the light of the disclosures in the Nelson patent, from which they were copied. Drey v. Peiler, 53 App. D. C. 35, 287 F. 1012; In re Horton, 54 F.(2d) 961, 19 C. C. P. A. 871; In re Nicolson, 49 F.(2d) 961, 18 C. C. P. A. 1468.

Nelson discloses a piston of the same general type as that of appellants. The cylinder-bearing portions of the skirt are held in spaced relation to each other by a pair of struts. An examination of Nelson's drawings and specification shows that the material of the middle portion of Nelson's struts is embedded in, and completely surrounded by, the material of the boss bearing piers. The same is true as to the upper and lower branches of the strut. In addition, in some cases, four encircling bands are inserted, which are said to have this effect: " * * * In this case each strut is held by four separate complete bands of skirt material, one around branch 22, one around branch 23, one around the upper end of the strut (as viewed in Fig. 4), and one around the lower end of the strut."

It thus appears that Nelson has disclosed.

struts "entirely surrounded by the material of the piers."

Appellants, however, have not shown this. Their struts are embedded and surrounded only in part. In the lateral portion of the struts, they are plainly exposed throughout most of their intermediate portion, and are not surrounded. This being an essential element of this group of claims, it is apparent that they do not read upon appellants' disclosure.

We find ourselves unable to agree with appellants' interpretation of the expression "entirely surrounded." Appellants contend that this limitation is satisfied when it is shown that bands of material of the piers "go all the way around the branches," or, in other words, that branches of the said material are outside of a part or the whole of said portions of the struts. As read in the light of Nelson's disclosure, this meaning cannot be given to the said claims. In Nelson's disclosure, this expression manifestly had more the meaning of "embedded in" or "covered by."

The decision of the Board of Appeals is affirmed.

Affirmed.